## KITTLE *v.* MARTIN *et al.*

On the hearing of habeas corpus issued on application of the father of a minor prisoner under arrest and held by officers under an extradition warrant, it was error to reject evidence material to the issue whether the prisoner was a fugitive from justice.

No. 6238.    April 14, 1928.

Habeas corpus. Before Judge Bradwell. City court of Athens. September 10, 1927.

*Claud Mahaffey* and *Shackelford & Shackelford,* for plaintiff.

BECK, P. J.    Under an extradition warrant issued by the Governor of this State upon a requisition of the Governor of South Carolina, J. K. Kittle was arrested and turned over to Martin, as agent for the State of South Carolina, to receive the prisoner and take him back to that State. The requisition was based on a warrant issued by a magistrate of the State of South Carolina upon an affidavit made before him. Carl Kittle, the father of the defendant in the criminal proceeding, brought his petition for a writ of habeas corpus against the officers holding his son. Answer to this petition was filed. Upon the trial the applicant showed that J. K. Kittle was a minor; that he had bought a phonograph from the prosecutors for $200; that the property had been tendered back to the vendors; that considerable payments upon it had been made; that J. K. Kittle was quite sick, having contracted tuberculosis; and that petitioner took him out of the mill where he was working and brought him to Clarke County, Georgia. This evidence, after it had been introduced, was rejected by the court, and that ruling is excepted to.

The court erred in rejecting this evidence. It was material upon the question as to whether or not the person arrested and held in custody was a fugitive from justice. If he was a minor, his people had the right to bring him to Georgia, and it was his duty to come with them. While the guilt or innocence of one charged with an offense against the law can not be inquired into in habeas-corpus

proceedings, whether he is a fugitive from justice is a material question; and the evidence submitted by the applicant for habeas corpus in this case was uncontroverted. The rejection of the evidence was error. *Dawson* v. *Smith,* 150 *Ga.* 350 (103 S. E. 846). See also cases collected in 7 Mich. Enc. Dig. 15.

*Judgment reversed. All the Justices concur.*